UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY R. LINDSAY,<br><br>Defendant. | Criminal No. 07-16 (RMU) (AK) |

**DETENTION MEMORANDUM**

The Defendant, Jeffrey R. Lindsay, has been charged by indictment with the following six counts: (1) Possession with Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii); (2) Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1); (4) Possession with Intent to Distribute Cannabis, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D); (5) Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1); and (6) Possession of Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

The government requested a detention hearing, which was held May 8, 2007. At the

conclusion of the hearings, the Court found that Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 19 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, the government proceeded by proffer. On November 3, 2006, the United States Park Police executed a valid search warrant at a home on the 4500 block of New Hampshire Ave., NW, in Washington, D.C. Pursuant to their investigation of Defendant, the police learned that Defendant occupied a room in the rear of the home, the door to which was routinely kept locked. The police searched the room and found several items, including (1) 37 grams of crack cocaine, (2) 295 grams of powder cocaine, (3) $51,620 in cash, (4) empty Ziplock bags, (5) a loaded 9mm firearm; (6) 2 magazines containing 9mm ammunition; (7) a loaded Taurus .357 caliber firearm; (8) a sock containing .40, .38, and .357 caliber ammunition; (9) five digital scales; (10) several marijuana cigarettes; (11) an envelope addressed to Defendant; and (12) a credit card bearing Defendant's name.

Defendant was indicted on January 25, 2007 and a bench warrant was issued for his arrest. He remained at large until May 5, 2007.

### Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the

community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

When, as here, a grand jury indictment establishes probable cause to believe that a defendant has committed a violation of the Controlled Substances Act for which a maximum penalty of ten years or more is prescribed, a rebuttable presumption arises that no pretrial release condition or combination of conditions may be imposed to reasonably assure the safety of the community. 18 U.S.C. § 3142(e); *see also United States v. Mosuro*, 648 F. Supp. 316, 318 (D.D.C. 1986) (holding that a grand jury indictment establishes probable cause sufficient to create a rebuttable presumption under § 3142(e)). The same presumption under § 3142(e) arises when, as here, there is probable cause to believe that a defendant has committed an offense under 18 U.S.C. § 942(c). *See* 18 U.S.C. § 3142(e).

Here the government requested detention for the Defendant on the grounds that the Defendant posed a danger to the community. In determining whether there are conditions of release which will reasonably assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including the defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Defendant is charged with multiple drug and gun offenses. The charges are most serious, carrying a maximum

prison sentence of ten years or more.

The second factor, the weight of the evidence, also favors detention. According to the government, the authorities found a large quantity of drugs, guns and ammunition in a room said to be occupied by Defendant and no one else. The authorities also found drug paraphernalia in the room, which further indicates Defendant's involvement in the sale and distribution of drugs. Finally, mail matter and a credit card, both bearing Defendant's name, were found in the room.

The third factor, the history and characteristics of the Defendant, does not favor detention. Although Defendant has at least one criminal conviction from 1990, he has no recent criminal record. Furthermore, Defendant has strong ties to the community. His mother has offered to house him should he be released under the high intensity supervision program. Also, according to counsel, several family members and friends have stated their willingness to employ Defendant as a laborer upon his release.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, favors detention. The current charges against Defendant involving firearms and a large quantity of drugs clearly demonstrate that he is a substantial danger to the community. The rampant epidemic of drug-related shootings and murders reported daily by the news media demonstrate the extent to which unlawful possession of a firearm and drug trafficking wreak havoc on our communities, no place more so than in the District of Columbia.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes by clear and convincing evidence that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Defendant has not overcome the

- 5 -

presumption in favor of detention established by the statute, despite the Court's satisfaction that Defendant would pose little risk of flight. Therefore, the government's motion for pretrial detention is granted.


Dated: May  10th , 2007                                 /s/                                                            
                                                                    ALAN KAY
                                                                    UNITED STATES MAGISTRATE JUDGE