UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CR 07-016 (RMU) |
| **JEFFREY R. LINDSAY** | : | |

**UNOPPOSED MOTION TO REDUCE SENTENCE**

Pursuant to 18 U.S.C. § 3582(c)(2), Mr. Jeffrey R. Lindsay, through undersigned counsel, respectfully moves this Honorable Court to reduce his sentence of 65 months incarceration to a term of 60 months. In support of this motion, counsel states:

1. On August 21, 2007, the Court sentenced Mr. Lindsay to a 65 month term of incarceration on the charge of unlawful possession with intent to distribute five grams or more of cocaine base. This sentence was based on a finding that the applicable sentencing range under the United States Sentencing Guidelines was 57 to 71 months (criminal history category I, offense level 25). The Court sentenced Mr. Lindsay to a term of incarceration at the middle of that range.

2. Effective November 1, 2007, the United States Sentencing Commission amended and lowered the base offense levels by two points for offenses involving crack cocaine. U.S.S.G., Supplement to Appendix C, Amendments 706, 711 (Nov. 1, 2007). Section 3582(c)(2) of Title 18 of the United States Code states that the Court is authorized to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

Commission . . . if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). On December 11, 2007, the Sentencing Commission voted to give retroactive effect to the amendments reducing the crack cocaine sentencing ranges by adding these amendments to the list of amendments in U.S.S.G. § 1B1.10, effective March 3, 2008.

    3. The amendments reduce the sentencing guidelines range applicable to Mr. Lindsay to 46 to 57 months. The top of the new range is less than the mandatory minimum. A sentence at the mandatory minimum (60 months) would reduce Mr. Lindsay's sentence by 5 months. A proposed order accompanies this motion reflecting the sentence computations in Mr. Lindsay's case.

    4. Undersigned counsel has consulted with Assistant United States Attorney Robert Okun, who represented that the government does not oppose this motion.

    5. According to the Bureau of Prisons, Mr. Lindsay's current projected release date is January 23, 2012. Because the requested five-month reduction will not result in Mr. Lindsay's immediate release, the government and the Probation Office agree that neither a provision affording the Probation Office discretion to place Mr. Lindsay in a halfway house while on supervised release, nor a provision affording the Bureau of Prisons an additional ten days to execute the amended sentence is necessary. Therefore, those provisions are not included in the attached proposed order.

    WHEREFORE, for the foregoing reasons, Mr. Lindsay respectfully requests that the Court reduce his sentence from a 65 month term of imprisonment to a period of 60 months. A proposed order is attached.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
Mary Manning Petras
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

➧AO 245___ Order Regarding Motion for Sentence Reduction
           Sheet 1

UNITED STATES DISTRICT COURT

District of _____

| UNITED STATES OF AMERICA | ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) |

V.

JEFFREY R. LINDSAY

Case Number: CR 07-016 (RMU)

USM Number: 28969-016

**Date of Original Judgment:** Aug. 27, 2007
(Or Date of Last Amended Judgment)

Mary M. Petras
Defendant's Attorney

Upon motion of  X the defendant   ☐ the Director of the Bureau of Prisons   ☐ the court
under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion is:
  ☐ DENIED.
  X GRANTED and the defendant's previously imposed sentence of imprisonment of 65 months is reduced to <u>term of 60 months</u>.

Provided that, if prior to March 3, 2008, a law is enacted repealing the U.S. Sentencing Commission's December 2007 decision to make retroactive Amendments 706 and 711 to the Sentencing Guidelines, this Order shall have no effect.

**I. COURT DETERMINATION OF GUIDELINE RANGE**

Previous Offense Level: 25          Amended Offense Level: 23
   Criminal History Category: I      Criminal History Category: I
Previous Guideline Range: 57 to 71 months    Amended Guideline Range: 46 to 57 months

**II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE**

X The reduced sentence is within the amended guideline range.
☐ The original term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing and the reduced sentence is below the amended guideline range.
☐ Other (specify) _____.

**III. FURTHER EXPLANATION** (e.g., recommendations to the Bureau of Prisons) (if necessary)


Except as provided above, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

_____          _____
       Date                                Signature of Judge

                             _____
                             Name and Title of Judge